IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARL ALLEN HUSKIN, §<br>INDIVIDUALLY AND AS §<br>INDEPENDENT ADMINISTRATOR §<br>OF THE ESTATE OF CARL §<br>HUSKIN AND TAMMY HUSKIN §<br> §<br>Plaintiff, §<br> §<br>v. § <br> §<br>THE UNION CENTRAL NATIONAL §<br>GROUP, INC., et al., §<br> §<br>Defendants. § | Civil Action No. 3:10-CV-1518-BH |

**MEMORANDUM OPINION AND ORDER**

Pursuant to the order dated December 15, 2010, this case has been transferred for the conduct of all further proceedings and the entry of judgment. Before the Court is *Plaintiff's First Amended Opposed Motion for Leave to File Second Amended Complaint* (doc. 46), filed March 2, 2011. Based on the relevant filings, evidence, and applicable law, the motion is **DENIED**.

**I. BACKGROUND**

Carl Allen Huskin, individually and as independent administrator of the estates of Carl Huskin and Tammy Huskin ("Plaintiff"), sues Union Central National Group, Inc., and Verity National Group, Inc. ("Defendants"), under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). His first amended complaint, filed December 16, 2010, seeks death benefits under a plan and/or policy pursuant to 29 U.S.C. § 1132(a)(1)(B), and attorney's fees pursuant to § 1132(g)(1). Plaintiff now moves for leave to file a second amended complaint in order to state additional facts relating to the estates' standing in light of the Defendants' pending motion to dismiss.

## II. ANALYSIS

As noted by Defendants, Plaintiff's motion amend his complaint has been filed after the deadline specified in the scheduling order for filing motions for leave to amend pleadings.

Motions to amend made before the expiration of a scheduling order's deadline are governed by federal rule of civil procedure 15(a)(2), which provides that a court "should freely give leave when justice so requires." *Fahim v. Marriott Hotel Servs.*, 551 F.3d 344, 348 (5th Cir. 2008). Post-deadline motions to amend, however, are governed by rule 16(b)(4)'s more stringent standard, and may be granted "only for good cause and with the judge's consent." *Id.* (citing *S & W Enters., L.L.C. v. South Trust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)). This requires a showing that "the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Fahim*, 551 F.3d at 348 (quoting *S & W Enters.,* 315 F.3d at 535). Four factors are relevant in determining good cause: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S&W Enters.*, 315 F.3d at 536).

Here, Plaintiff did not address the untimeliness of his motion or the four relevant factors in his initial motion, and he did not reply to the defendants' arguments. He contends that he seeks to amend his complaint in order to state additional factual allegations based on language from the Clearlight Employee Injury Benefit Plan ("the Plan") to show standing of the estates to sue, and that he has only recently become aware of the relevance of the plan. Because the evidence shows that his counsel knew about and referenced the plan as well as section 4.5 in communications beginning in October 2008, the first factor does not favor an amendment. (*See* Resp. App.)

2

Regarding the importance of the amendment, Plaintiff argues that the terms of the policy at issue are unclear as to the actual designation of the beneficiary, are ambiguous as to who the default beneficiary is in the absence of a beneficiary designation, and become clear only when read together with section 4.5 of the plan, which identifies the estate as a proper default beneficiary for purposes of standing. Standing is a jurisdictional issue not subject to waiver. *Lewis v. Casey*, 518 U.S. 343, 349 n.1 (1996). In determining whether jurisdiction exists, courts may consider the complaint supplemented by undisputed facts in the record and/or plus the court's resolution of disputed facts. *Robinson v. TCI/West Communications Inc.,* 117 F.3d 900, 904 (5th Cir. 1997) (citing *Ynclan v. Department of Airforce,* 943 F.2d 1388, 1390 (5th Cir. 1991). Because the Court may look beyond the complaint and consider evidence in determining the jurisdictional issue, amendment of the complaint to incorporate the terms of the policy and plan is therefore not necessary.

The third factor, potential prejudice from the amendment, also does not favor an amendment because Defendants are nine months into the case and have already gone through the time and expense of preparing a motion to dismiss. *See In re Enron Corp.*, 2007 WL 207028, at *3 (S.D. Tex. Jan. 23, 2007) (considering time and expense of preparing a motion to dismiss as prejudicial to opponent of an untimely motion for leave to amend). The fourth factor, the availability of a continuance, does not favor an amendment. Plaintiff has known about the plan at least since October of 2008, but waited until more than two years after gaining that knowledge, nine months into the case, and three weeks after the deadline for amendment of pleadings to amend his complaint without providing a proper explanation as to why he was unable to perceive the relevance of the plan before the expiration of that deadline. The four factors, on balance, do not favor an amendment of the pleadings at this stage of the proceedings.

### III. CONCLUSION

Plaintiff's motion for leave to file a second amended complaint is **DENIED**.

**SO ORDERED** on this 9th day of May, 2011.

                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE